UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| Amanda Anderson, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:22-cv-134 |
| JP Morgan Chase Bank, N.A.; Equifax Information Services, LLC; and TransUnion, LLC, | § § § § § | |
| Defendants. | § § | |

# COMPLAINT

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a resident of Allegheny County, Pennsylvania.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant JP Morgan Chase Bank, N.A. ("Chase") is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Equifax Information Services, LLC ("Equifax") is in the business of maintaining and reporting consumer credit information for profit.

8. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant TransUnion, LLC ("Transunion") is in the business of maintaining and reporting consumer credit information for profit.

10. Transunion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Chase, Equifax, and Transunion.

12. Equifax and Transunion are the two largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

13. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

14. Equifax and Transunion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

15. Around July 2021 Plaintiff discovered the Defendant Chase account (the "Account") being reported in error.

16. The Account is reported in error because the full account activity is reported on Plaintiff's consumer reports despite Plaintiff only being an authorized user on the Account.

17. Plaintiff is not the primary account holder and user of the Account and the reporting of the Account's full activity history on Plaintiff's consumer reports is not accurate.

18. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

19. Equifax and Transunion published the false information regarding the Account to third parties.

## WRITTEN DISPUTE

20. On or about July 9, 2021, Plaintiff sent a written letter to Equifax and Transunion disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports (the "Disputes").

21. Upon information and belief, Equifax and Transunion forwarded Plaintiff's Disputes to Chase for reinvestigation.

22. Upon information and belief, Chase received notification of Plaintiff's Disputes from Equifax and Transunion.

23. Chase failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

24. Transunion failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Equifax failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

26. Chase failed to instruct Equifax and Transunion to remove the false information reporting on Plaintiff's consumer report.

27. Equifax and Transunion each employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Disputes.

28. Equifax and Transunion each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

29. At no point after receiving the Disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Disputes.

### COUNT I – Chase

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

30. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

31. After receiving the Disputes, Chase failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

32. Chase violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Disputes; by failing to review all relevant information regarding Plaintiff's Disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

33. As a result of this conduct, action, and inaction of Chase, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. Chase's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

35. In the alternative, Chase was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from Chase pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II –Equifax and Transunion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving the Transunion dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer report.

39. After receiving the Equifax dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

40. Equifax and Transunion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

41. As a result of this conduct, action and inaction of Equifax and Transunion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. The conduct, action, and inaction of Equifax and Transunion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

43. In the alternative, Equifax and Transunion each were negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Equifax and Transunion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving the Transunion dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer report.

47. After receiving the Equifax dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

48. Equifax and Transunion each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

49. As a result of this conduct, action and inaction of Equifax and Transunion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50. The conduct, action, and inaction of Equifax and Transunion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

51. In the alternative, Equifax and Transunion were negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

52. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: January 21, 2022

MCCARTHY LAW PLC

/s/Eric Landes
Eric Landes, Esq.
McCarthy Law PLC
4250 N. Drinkwater Blvd. Ste.320
Scottsdale, AZ 85251
Phone: 602-456-8900
Fax: 602-218-4447
*Attorney for Plaintiff*